06-14325

Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT**

**SENTENCE BY A PERSON IN FEDERAL CUSTODY** CIV-GRAHAM

| United States District Court | Southern District of Florida |
|---|---|
| Name (under which you were convicted): ROMAN CHRISTOPHER MESINA | Docket or Case No.: 03-14010-CR-GRAHAM |
| Place of Confinement: FCI-LORETTO | Prisoner No.: 74753-004 |
| UNITED STATES OF AMERICA | Movant (include name under which you were convicted) |
| v.  ROMAN C. MESINA | |

**MOTION**

MAGISTRATE JUDGE WHITE

1.  (a) Name and location of court that entered the judgment of conviction you are challenging: _____

U.S. District Court for the Southern District of Florida, Miami

_____

_____

(b) Criminal docket or case number (if you know): __03-14010-CR-GRAHAM/LYNCH__

2.  (a) Date of the judgment of conviction (if you know): __September 8, 2003__

(b) Date of sentencing: __08SEP2003__

3.  Length of sentence: __151 months + 36 months supervised release__

4.  Nature of crime (all counts): _____

__1 Count, violation of 18 U.S.C.A. § 1956(h).__

_____

_____

_____

_____

5.  (a) What was your plea? (Check one)

   (1) Not guilty ☐     (2) Guilty ☒     (3) Nolo contendere (no contest) ☐

(b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to? _____

__Movant entered a plea of guilty to the indictment.  No plea agreement.__

_____

_____

6.  If you went to trial, what kind of trial did you have? (Check one)   Jury ☐     Judge only ☐

cat / div __510 - 2855__

Case # __06 - 14325__

Judge __Graham__ Mag __PAW__

Motn Ifp _____ Fee pd $ _____

Receipt # _____

7.  Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ☒

8.  Did you appeal from the judgment of conviction?     Yes ☒     No ❑

9.  If you did appeal, answer the following:

   (a) Name of court: __Court of Appeals for the Eleventh Circuit__

   (b) Docket or case number (if you know): __03-14839-BB__

   (c) Result: __Judgment Affirmed__

   (d) Date of result (if you know): __March 26, 2004__

   (e) Citation to the case (if you know): _____

   (f) Grounds raised: __Sufficiency of evidence regarding enhancements pursuant__
   __to 18 U.S.C.S. Appx §§ 3C1.1, 2S1.1(b)(2)(C), and 3E1.1__

   _____

   _____

   _____

   _____

   _____

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ☒     No ❑

      If "Yes," answer the following:

      (1) Docket or case number (if you know): __04-5152__

      (2) Result: __Certiorari granted and vacated and remanded for further__
      __consideration in light of U.S. v. Booker ("GVR")__

      (3) Date of result (if you know): __January 24, 2005__

      (4) Citation to the case (if you know): __543 U.S. 1100 (2005)__

      (5) Grounds raised: __Enhancements as applied to Movant are unconstitutional__

      _____

      _____

      _____

      _____

      _____

      _____

10. Other than the direct appeals listed above, have you previously filed any other motions,
    petitions, or applications concerning this judgment of conviction in any court?

         Yes ☒   No ❑

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court: __U.S. Dis't. Court for the W.D. of Pennsylvania__

      (2) Docket or case number (if you know): _____

      (3) Date of filing (if you know): _____

      (4) Nature of Proceeding: Habeas Corpus Ad Subjiciendum
      (5) Grounds raised: Legality of Custody

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐ No ☒

(7) Result: __Habeas Corpus Denied still on direct appeal__

(8) Date of result (if you know): _____

(b) If you filed any second motion, petition, or application, give the same information:

    (1) Name of court: __U.S. District Court for the Western District of Pennsylvania__

    (2) Docket or case number (if you know): _____

    (3) Date of filing (if you know): _____

    (4) Nature of the proceeding: __Habeas Corpus Ad Subjiciendum__

    (5) Grounds raised: __Custody and detention is illegal__

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?

        Yes ☐ No ☒

(7) Result: __Denied. Still on direct appeal at the time, issues never addressed.__

(8) Date of result (if you know): _____

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

    (1) First petition:      Yes ☐ No ☐

    (2) Second petition:    Yes ☒ No ☐

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

    __The first habeas corpus petition under section 2241, movant was still__
    __under direct appeal, actually, the third habeas corpus petition was__
    __appealed to the Supreme Court of the United States.__

12. This motion states every ground on which the Movant claims that he is being held in violation of the Constitution, laws, or treaties of the United States. Facts supporting each ground are contained herein.

**Ground One:** There has been such a denial of constitutional rights of the Movant as to render the judgment vulnerable to collateral attack because the movant's guilty plea was unlawfully induced/coerced by the Respondent.

(a) **Supporting facts:** 1. After the movant was indicted in the instant case, the agents of the Government had communicated to Movant's attorney, Ms. Nellie L. King that they were arranging for him to be transferred to Guantanamo Bay, Cuba in relation to terrorist activities. Notwithstanding being arrested, in custody, and indicted for an offense of Conspiracy to Commit Money Laundering in violation of 18 U.S.C. § 1956(h), the pretext and primary area of the entire investigation revolved around terrorism for which the movant was never charged with. With this threat of rendition by the Government hanging over his head, Mr. Mesina expeditiously as well as unwittingly changed his plea to guilty in order to avoid being transferred to Camp Delta in Guantanamo Bay, Cuba. The guilty plea transferred immediate jurisdiction to the Court and prevented Movant's transfer per the advice of counsel. Movant was denied due process of law under the Fifth Amendment and his Sixth Amendment right to effective assistance of counsel, inter alia, fair notice of criminal charges under the Due Process Clause, and the trial by jury guarantee of the Sixth Amendment.

In a nutshell, the pretext to Mr. Mesina's arrested for Conspiracy to Commit Money Laundering was ab initio, for terrorist/sedition related activities. The Government never had not enough evidence to obtain an indictment against Mr. Mesina on terrorism/sedition related activities. This matter was attempted to be introduced by Mr. Mesina's attorneys, i.e., Mr. John F. O'Donnell, Ms. Nellie L. King. R.E.[1] 4 at 54, lines 20-25; R.E. 4 at 58, lines 14-20; R.E. 4 at 59, lines 13-21; R.E. 4 at 60, lines 14-17 but for whatever reason perhaps for fear of withdrawing Mr. Mesina's guilty plea, they never really made the Court aware the pretext of the Government's arrest of Mr. Mesina was to capture a real 'live' terrorist. Even Honorable Judge Graham made notable mention that Mr. Mesina entered a plea of guilty at surprisingly early stage of the criminal proceedings. R.E. 4 at 55, lines 16-23. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth

---

1. R.E. means "Record Excerpts". R.E __ at 4 means R.E. at page 4. See accompanying appendix.

Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

(b) **Direct Appeal of Ground One:**

(1) The movant appealed from the judgment of conviction but did not raise this issue.

(2) Due to counsel's errors and omissions, *i.e.*, unconstitutional ineffective assistance, the facts contained herein were not preserved at the district court or raised in Movant's direct appeal.

(c) **Post-Conviction Proceedings:** This is Movant's first motion under section 2255.

**Ground Two:** The sentence imposed was in violation of the Constitution and laws of the United States, because movant's waivers and guilty plea were not made knowingly and voluntarily, because they were based on advice of ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution, because movant is not bound by any waiver provisions by his guilty plea, [AND/OR] because movant could not waive certain rights, additional grounds may be raised in his § 2255 motion.

(a) **Supporting Facts:**

### A.   Ineffective Assistance Of Counsel At The January 23, 2003 Preliminary Hearing

**A1.** Immediately after Mr. Watts was appointed to the Movant, Mr. Watts was told by movant that he may have incorrectly answered Judge Lynch about his finances and to convey movant's concerns to the Court. Mr. Watts did not take action. This resulted in prejudice later in the criminal proceeding against Mr. Mesina in the form of an obstruction of justice enhancement at a critical stage of the criminal proceeding which is structural error. Mr. Watts should have withdrawn any statements made by Mr. Mesina and informed the Court that Mr. Mesina's responses were a mere submission to lawful authority. Prejudice resulted in an added 30 appx. months of prison time due to the obstruction of justice enhancement sought by the Government. This prejudice could have been avoided if Mr. Watts had taken the simple precautionary measure suggested by Mr. Mesina when he was appointed to represent him. Because of Mr. Watts errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

5

**A2.**    Mr. Watts failed to inform the court that the Government should seek an indictment for perjury under Title 18 U.S.C. § 1621 as opposed to an obstruction of justice enhancement under the United States Sentencing Guidelines should the Government feel that Mr. Mesina's uncounseled responses to Magistrate Judge's Lynch questions were materially untruthful, inter alia, Judge Lynch informed Mr. Mesina that he may be subject to charges of perjury as opposed to obstruction of justice should the court feel Mr. Mesina answered him untruthfully. R.E. 1 at 3, lines 13-16.    Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**A3.**    Mr. Watts failed to inform the Court via written/verbal motion, objections ,and argument, that any uncounseled answers by Mr. Mesina at the preliminary hearing that would result in prejudice to Mr. Mesina must be considered "Structural" error per se in accord with Clearly Established Federal Law.    Mr. Watts should have preserved this issue by objection/memorandum, or withdraw any and all statements made by Mr. Mesina to Magistrate Judge Frank Lynch.    He did not. Prejudiced resulted in an Obstruction of Justice enhancement under 18 U.S.C.S. Appx. § 3C1.1 which increased Mr. Mesina's prison time by an additional 30 appx. months.    Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

## B.    Ineffective Assistance Of Counsel Prior To The Change Of Plea Hearing

**B1.**    Ms. King did not file any motion or memorandum notifying the Court that Mr. Mesina, should he change his plea as opposed to going to trial, that he would not be waiving his right to a jury finding his guilt or innocence of any aggravating facts the Government would be using to enhance his sentence.    Extrinsic facts that the Government would use to enhance his sentence would be tantamount to a directed verdict and would violate Mr. Mesina's right to due process of law under the Fifth and Sixth Amendment. Those facts are equivalent to elements that must be proven to a jury beyond a reasonable doubt.    Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, the fair notice component of the Due Process Clause, and the Jury and Trial Guarantee.

B2.    Ms. King did not show Mr. Mesina any of the Government's evidence or discovery that would be used against him to obtain a conviction. She could have had Mr. Mesina transferred to a detention facility where video equipment were readily available and used by Mr. Mesina in order for him to view the evidence/discovery materials.    Prejudice resulted in a conviction of the movant who has never seen any of the evidence at the disposal of the Government to make an informed decision of whether to go to trial or change his plea from innocent to guilty.    Mr. Mesina could never have made an informed decision or know the consequences of going to trial or changing his plea to guilty.    Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

B3.    Ms. King failed to notify the Court of the pretext of the Government indictment obtained on January 30, 2003 against Mr. Mesina on one count of Money Laundering Conspiracy was actually terrorist related activities, not for conspiracy to launder money with his co-defendant John Taylor.    Had Ms. King notified the Court of the Government's pretext to Mr. Mesina's arrest before Mr. Mesina had changed his plea, the court could have asked Mr. Mesina if his change of plea to guilty was the result of influence by or had been induced by the Government and thus prevented the Government from inducing/coercing Mr. Mesina to changing his plea to guilty as opposed to her client falsely admitting to Judge Graham that his guilty plea was voluntary. R.E. 3 at 15, Lines 5-7.    Ms. King bears the onus of responsibility that Mr. Mesina unwittingly entered a guilty plea to the indictment.    Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

B4.    Ms. King never informed or explained to Mr. Mesina the critical elements of the charged offense and the full consequences of entering a guilty plea and that it is a full confession.    Had Movant knew of this, he would have gone to trial or taken his chances with rendition.    Ms. King nor any of his subsequent attorneys ever explained to Mr. Mesina the critical elements of money laundering conspiracy.    It was not only after Mr. Mesina arrived at FCI-Loretto did he investigate his charged offense.    Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective

assistance of counsel, and the fair notice component of the Due Process Clause.

**B5.** Ms. King failed to file any motions in limine or file a motion for Bill of Particulars in order for her and Mr. Mesina to be more informed of the specifics of what specified unlawful activity that the Government intended to prove as an essential element of the charged offense. Mr. Mesina's indictment does not contain the critical/essential element of "Specified Unlawful Activity" the Respondent would have had to prove at trial or at a guilty plea. The Specified Unlawful Activity is left open without any factual detail. This exposes the movant to double jeopardy which Mr. Mesina has never executed an explicit waiver, inter alia, "Drug Trafficking" is not a listed specified unlawful activity under section 1956(c)(7). cf. R.E. 3 at 14, Lines 9-14. This resulted in the court violating Fed.R.Crim.P. Rule 11(b)(3) because there could not have been a factual basis for the Court to accept Mr. Mesina's plea of guilty. Drug trafficking is not mentioned in Mr. Mesina's indictment. Ms. King should have informed the Court and the Government had she been prepared. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**B6.** Ms. King failed to file any motion under the Federal Rules of Criminal Procedures 12(b)(3)(B), to allege Mr. Mesina's indictment lacks specificity should the Government elect to ask the Court to apply extra-verdict enhancements. The indictment is valid so far as to charge a criminal defendant the actus reus of conspiring to launder money with his co-defendant, but as the record shows at the change of plea hearing on May 21, 2003, the Government constructively amended Mr. Mesina's indictment by and through colloquy. R.E. 3 at 10 thru 14. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**B7.** Ms. King failed to verify the credentials of the AUSA Johnson and AUSA Waters. Had she inquired of their oaths of office, she would have discovered that both prosecutors had failed to file proper oaths of office because they were administered by the United States Attorney for the Southern District Of Florida who lacked formal dispensation from the Attorney General of the United States. The Government relies on a page from the

United States Attorneys Manual (USAM) to convey proper authority. Thus, Movant was denied procedural due process to be tried by a proper tribunal. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel.

**B8.** Ms. King failed to inform the Court and the Government that the Movant will not execute any explicit Apprendi waivers and does not waive his rights to have a jury determine beyond a reasonable doubt, guilt or innocence, the extra-verdict enhancements a Court may impose. Apprendi v. New Jersey, 530 U.S. 466 was decided in 2000 almost three years before Mr. Mesina was arrested. The denial of a jury determination of the aggravating facts denied movant procedural due process to have a jury determination of all essential facts to punishment. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, the fair notice component of the Due Process Clause, and Jury and Trial Guarantee.

### C. Ineffective Assistance Of Counsel At The Change Of Plea Hearing On May 21, 2003.

Notwithstanding the fact that Movant was unlawfully induced into pleading guilty as opposed to going to trial, Ms. King failed to raise the following objections and argue:

**C1.** That the Court was required to specify the minimum and maximum punishment for the instant offense. The minimum penalty is a fine which the Court could have considered given the nature of the one count indictment which on it's face carried a base offense level of 8, Category I. However, Ms. King also failed to inform the court of the Apprendi-Statutory Maximum sentence under the Sentencing Reform Act of 1984. R.E. 3 at 7, Lines 10-11. Prejudice resulted in added prison time of approximately 144 months. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, the fair notice component of the Due Process Clause, and the Jury and Trial Guarantee.

**C2.** That the Court was required to make a finding of whether Mr. Mesina would need supervision after a term of imprisonment. A Court finding is mandated by the Sentencing Reform Act of 1984. R.E. 5 at 6 thru 8. The Court, sua sponte, declared that Mr. Mesina will be on Supervised Release

9

without making a finding. R.E. 3 at 8, Lines 16-18. Movant was denied procedural due process which resulted in a greater deprivation of liberty after movant's term of imprisonment. It was Ms. King's duty to inform the Court as well as the Government. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

C3. Ms. King failed to object and raise argument that the "truth of every accusation" including all aggravating facts that will be used by the Government against her client, Mr. Mesina should afterwards be confirmed by the unanimous suffrage of twelve of his equals and neighbors as required by the Constitution's Fifth and Sixth Amendment. She did not, especially when this principle is deeply rooted in the tenets of common-law criminal jurisprudence. This principle of jurisprudence is far from novel. Mr. Mesina was never made aware by his counsel that he would be waiving "factual specificity" defects in his one count indictment. A jurist of reason would find it debatable, whether Mr. Mesina was "under charged" in the instant offense. Mr. Mesina nor Ms. King ever had fair notice of 1) Money amounts, 2) manner and means of the conspiracy, 3) the scheme and artifice of the conspiracy, 4) the conspiracy's impact on interstate commerce no matter how small it may be, 5) the financial banks and accounts and banks that Mr. Mesina and Mr. Taylor used, etc. that they would have to defend against at trial or admit to at a change of plea hearing. The indictment does     track the language of the statute whatsoever. COMPARE 18 U.S.C. §§ 1956(a)(3)(B), and (h) WITH R.E. 10. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, the fair notice component of the Due Process Clause, and the Jury and Trial Guarantee.

C4. That the Government constructively amended Mr. Mesina's indictment when AUSA Johnson said that he was flying millions of dollars from Witham field. R.E. 3 at 10, Lines 23. At the pretrial detention hearing, AUSA Johnson specifically said that the movant was using Woodam field. R.E. 2 at 5, Lines 11-12. The indictment does not contain any factual details whatsoever to establish any past or on-going criminal activity and lacks factual specificity to provide Mr. Mesina with fair notice of the charges which could have been resolved with additional count's or a superseding indictment by a grand jury. Due to counsel's errors and omissions, the Movant was denied his rights to

due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**C5.** That Mr. Mesina was wrongfully accused in the instant offense. Mr. Mesina could not have conspired with the confidential informant or alone between July, 2002 thru December 19, 2002. Mr. Taylor entered the conspiracy on December 20, 2002. R.E. 3 at 12, line 17. In addition, Government failed to establish, beyond a reasonable doubt, that a conspiracy took place between July, 2002 thru January 22, 2002 because Mr. Taylor entered the conspiracy 32 days before January 22nd, 2003, the date of the arrest and the Court could not have accepted Mr. Mesina's guilty plea because a factual basis was impossible to be established with respect to a Conspiracy. Had the Government charged Mr. Mesina with a substantive offense in a different count in the indictment, there would have been no violation of Fed.R.Crim.P. Rule 11(b)(3). Jurist of reason would find debatable that the conspiracy lasted only 33 days (12/20/02 thru 1/22/03). Therefore, Mr. Mesina was delt a miscarriage of justice, i.e., factual innocence of the charge, not mere legal insufficiency and a denial of Due Process of Law. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**C6.** That the Government failed to establish the one of the essential elements of the conspiracy, beyond a reasonable doubt (R.E. 3 at 9, Line 8), that a conspiracy to commit money laundering also occurred in Palm Beach County. This error violates Rule 11(b)(3) of the Federal Rules of Criminal Procedure. The Court could not establish a factual basis in order to accept Mr. Mesina's plea of guilty to the indictment without this essential element being satisfied. Any criminal activity in Palm Beach County was never proven beyond a reasonable doubt. R.E. 3 at 10-14. Ms. King should have raised the issue by objection and argument. Due to counsel's errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

11

**C7.**   That the Government, and the Court, by and through colloquy, constructively amended movant's indictment at the change of not guilty plea hearing by constructively amending the charges against Mr. Mesina by declaring that the Government would have to prove that the movant knew the funds used in the sting operation involved some unlawful activity, to wit: in this case that activity was "drug trafficking" (See R.E. 3 at 14, lines 11-14) which is not an element under section 1956(c)(7), inter alia, the Court expanded the terms of the charges by also indicating that movant **intended** to promote drug trafficking per se. See R.E. 3 at 15, lines 15-19.   The Court added the element of intent that the Government would have to prove beyond a reasonable doubt that Mr. Mesina intended to promote drug trafficking.   This was never charged in Mr. Mesina's indictment.   See R.E. 10.   And jurists of reason would find it debatable whether the intent of promoting drug trafficking requires a different count in movant's indictment as required by the Due Process Clause of the Fifth Amendment and notice and jury and trial guarantee of the Sixth Amendment. Ms. King should have objected to the constructive amendment of the charges against Mr. Mesina because the Specified Unlawful Activity, i.e., "drug trafficking" was never charged in his indictment or is "drug trafficking" in se, an element of section 1956.   The additional element of intent to promote drug trafficking (i.e., "promotional drug trafficking" with intent) is simply absent under the criminal statute of 18 U.S.C. § 1956(c)(7).   R.E. 7 at 406-408.   Due to counsel's unreasonable errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

12

**D.**   **Ineffective Assistance Of Counsel After The Change of Plea Hearing and Before Sentencing.**

**D1.** Movant repeats, restates, and realleges each and every allegation contained in the paragraphs herein above as if fully set forth herein.

**D2.**   Movant's counsels, each and every one of them, failed to raise objection and argument in his sentencing memorandum (R.E. 18) or response to the presentence investigation report, (R.E. 17) that the United States Sentencing Guidelines do not comport with the requirement of the Sentencing Reform Act of 1984 and is unconstitutional as applied to the movant.   The U.S. Sentencing Commission was established as part of the Sentencing Reform Act of 1984 and it's duties are governed by 28 U.S.C.A. § 994 (Duties of the Commission).   Section 994(j) conflicts with Title 18 U.S.C.S. Appx § 5C1.1 (2002 ed.).   The Commission was mandated by Congress to ensure that an appropriate sentence other than imprisonment was to be imposed by the district court for first time offenders.   The movant has no criminal history or record of violence.   In a nutshell, the Commission was mandated by Congress to structure "Alternative Sentences" for first time non-violent offenders in compliance to section 994(j) of Title 28 U.S.C.A. See also R.E. 8 at 7 (Sentencing of nonviolent and nonserious offenders; sense of Congress.).   The ambiguity caused by the conflicting statutes resulted in the district court not considering any alternative sentences contrary to intent of Congress.   Therefore, jurist of reason would find it debatable that section 994(j) of Title 28 U.S.C.A. conflicts with 18 U.S.C.S. Appx § 5C1.1 (2002 ed.) creating ambiguity.   Movant's counsels, each and every one of them, were required to present a constitutional as applied challenge which is not by any means novel.   An unlawful sentence resulting in prejudice of a longer term of imprisonment or actual imprisonment occurred due to movant's counsels' errors and omissions.   The movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause of the Fifth and Sixth Amendments.

**D3.**   Movant's counsels, each and every one of them, failed to raise objections and argument in his sentencing memorandum (R.E. 18) and his response to presentence investigation report, R.E. 17, that 18 U.S.C. § 3553(a)(D) and 28 U.S.C. § 994(k) conflict thus does not comport with the

13

requirements of the Sentencing Reform Act of 1984 as applied to the movant. Section 994(k) conflicts with 18 U.S.C. § 3553(a)(D) (2002 ed.) which states the factors to be considered in imposing a sentence are to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. See 18 U.S.C. § 3553(a)(D). Congress mandated the commission to ensure the **inappropriateness** of imposing a sentence to a term of imprisonment for the purpose of rehabilitation or providing the defendant with needed educational or vocational training, medical care, or other correctional treatment contradicting section 3553(a)(D) of the criminal code. Movant's counsels, each and every one of them, were required to provide reasonable representation by raising an as applied challenge which the concept in se is not novel. Due to counsels errors and omissions which resulted in an unlawful sentence as prejudice the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the due process clause.

**D4.** Movant's counsels, each and every one of them, failed to raise objections and argument in his sentencing memorandum (R.E. 18) and his response to the presentence investigation report, R.E. at 17, that certain provisions of the Sentencing Reform Act of 1984, i.e., 18 U.S.C. §§ 3551 et. seq., FRCrP Rule 11(b)(1)(m), FRCrP Rule 32, etc. were unconstitutional as applied to the movant. Sections 3551 et. seq., FRCrP Rule 11(b)(1)(m), FRCrP Rule 32, do not contain any procedures for a jury to determine movant's guilt or innocence of extra-verdict enhancements that increase the level of punishment. Sentencing factors and elements are one in the same. Movant did not execute any waivers as to this constitutional right. The error in this particular case can not be harmless. Clearly Established Federal Law had confirmed that any fact, other than the fact of a prior conviction, which increases the penalty must be submitted to a jury and proven beyond a reasonable doubt. Had movant's counsels' raised these issues, the movant may not have been sentenced unconstitutionally. Due to movant's counsels' unreasonable errors and omissions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**D5.** Movant's counsels, each and every one of them, failed to raise objection and argument to movant's sentencing memorandum (R.E. 18), and his response to the presentence investigation report, R.E. 17, that the base offense level plus four enhancements recommended by the Government and by the United States Probation Officer, Ms. Patricia Borah, exceeded the purview of Title 18 U.S.C. § 3581(b) of the Sentencing Reform Act of 1984 for the authorized terms of imprisonment. See R.E. at 17. Ms. Borah found movant's offense to be classified as a class 'C' felony. However, the maximum authorized term of imprisonment is no more than 144 months for a single count of class 'C' felony according to statutory law inherent in the Sentencing Reform Act of 1984. See 18 U.S.C. § 3581(b); R.E. 11. The error in this case can never be subject to plain error because the sentence imposed is not authorized by law. Due to counsel's unreasonable errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**D6.** Movant's counsels, each and every one of them, failed to raise objection and argument to movant's sentencing memorandum (R.E. 18) and in his response to the presentence investigation report (R.E. 17) that the Court was required to make a finding of whether supervised release was going to be imposed as a separate part of defendant's sentence. In addition, movant's counsels, each and every one of them failed to admonish the court that movant's statute of conviction, i.e. section 1956 does not mandate the imposition of supervised release. Supervised release is punitive in nature i.e. causes greater deprivation of liberty, and any fact essential to punishment must be charged in an indictment which in this case, it was not. Parole was abolished by the Sentencing Reform Act of 1984. See R.E. 5 at page 5-8, R.E. 20. The court sua sponte, imposed the maximum term of supervised release of 3 years (class 'C' felony) absent any finding by the U.S. Probation Officer or by the Court of whether movant required supervision after his term of imprisonment. The manner of which supervised release was imposed was in violation of the law. Due to counsel's unreasonable errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

15

**D7.** Movant's counsels, each and every one of them, failed to raise objection and argument to movant's sentencing memorandum (R.E. 18) and in his response to the presentence investigation report (R.E. 17) that the U.S. Probation Officer improperly calculated movant's guideline offense level by failing to take into consideration 18 U.S.C.S. Appx § 2X1.1 which requires a 3-Level reduction for conspiracies.   The movant's conviction is for a one count conspiracy in violation of Title 18 U.S.C.S § 1956(h).   See R.E. 21. Movant's Pre-sentence Investigation Report had not been properly calculated because section 2X1.1 was never taken into consideration by movant's counsels, the court, or the Government.   Moreover, had movant's counsels been prepared, i.e., done their "homework", they could have timely informed the probation officer, the court, and the Government that the omission of section 2X1.1 would result in an incorrect calculation of the Guidelines.   The error in this case is not subject to harmless-error or plain-error review because the sentence imposed was not authorized by law. Due to counsels' unreasonable errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**D8.** Movant's counsels, each and every one of them, failed to raise objection and argument to movant's sentencing memorandum (R.E. 18) and in his response to the presentence investigation report (R.E. 17) that Hornbook law dictates that judges may not use a fact which is an element of the crime as an aggravating factor.   The Sentencing Reform Act of 1984 afforded the movant adequate procedural safeguards, including a trial by jury and proof beyond a reasonable doubt, with regard to the charged section 1956(h) offense.   Yet, it failed to furnish the movant those very same safeguards as to the existence of aggravating factors notwithstanding the increased loss of liberty (i.e., 26-levels of enhancements found by less than beyond a reasonable doubt standard) attending a finding of such factors, therefore, the provisions of the Sentencing Reform Act of 1984 that authorizes such unconstitutional sentencing procedures were unconstitutional as applied to the movant and the movant alone.   The Fifth and Sixth Amendments "require" criminal convictions to rest upon a jury determination that the defendant is guilty of every element of the crime with which he is charged, beyond a reasonable doubt. (including sentencing factors)" Where proof of a particular fact exposes the defendant to greater punishment than that

available in the absence of such proof, that fact is an element of the crime which the Sixth Amendment requires to be proven to a jury beyond a reasonable doubt.    Movant did not execute such waivers of a jury determination of the sentencing factors which are tantamount to elements that are required to be found by a jury beyond a reasonable doubt. See e.g. R.E. 3.    The record evinces not one scintilla of constitutional objections were ever made by Movant's counsels, none of them, where numerous cases such as United States v. Gaudin, 515 U.S. 506 (1995); Addington v. Texas, 441 U.S. 418 (1979); Mullaney v. Wilbur, 421 U.S. 684 (1975); In re Winship, 397 U.S. 358 (1970) were already decided long before most of Movant's counsels' graduated from their respective schools of law.    Jurists of reason would find their performance to be unreasonable and not in compliance with Fla.Bar.R. 4-1.1.    See R.E. 6 at 52-53.   Due to counsels' unreasonable errors and missions, the Movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

D.9. Movant's counsels, each and every one of them, failed to raise objection and argument to Movant's sentencing memorandum (R.E. 18) and in his response to the presentence investigation report (R.E. 17) that the Hornbook principles of law dictated that judges may not use a fact which an element of a crime as an aggravating factor to increase punishment.    Movant was enhanced 14-levels for money amounts not charge in his indictment. See R.E. 10.    Jurist of reason would find it debatable whether or not money amounts were even passed upon by the grand jury.    As with a distribution of illegal narcotics offense requiring drug type and drug weight to be specified in an indictment, a money laundering crime would require the amount of money to be specified in the indictment as well, especially if a defendant, such as the movant, was prejudiced thereby.    Money amounts in Movant's case, i.e., $794,000.00 is not simply a sentencing factor. Moreover, proceeds, i.e., money amounts are an essential element of a crime under section 1956(h) as applied to Movant because it was used to increase Movant's punishment by a deprivation of liberty.   The omission of the money amounts, as applied to the Movant, and Movant alone, constructively denied him the fair notice component of the Due Process Clause of the Fifth and Sixth Amendments, inter alia, Movant was denied procedural due process

17

resulting in such a denial of the constitutional rights of the prisoner to fair notice, ipso facto, mandating a new trial. The movant and his counsels, each and every one of them, were constructively blindsided on money amounts to be applied as a 14-level enhancement for an exeptional sentence under 18 U.S.C.S. Appx § 2B1.1. The movant, inter alios, his counsels, were never adequately prepared for a defense because they never had fair notice of the essential element, i.e., money amounts, which would be found debatable by jurists of reason to be structural error per se. There was no fair notice. Movant's counsels, each and every one of them, failed to raise this constitutional objection which is patently unreasonable. Due to counsels' unreasonable errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**D10.** Movant's counsels, each and every one of them, failed to raise constitutional objections and arguments in movant's sentencing memorandum (R.E. 18) and in his response to the presentence investigation report (R.E. 17) that the four aggravating factors found by the Government and the neutral Probation officer under 18 U.S.C.S. Appx. §§ 2B1.1, 2S1.1 et.seq., 3C1.1, i.e., extra-verdict enhancements, were all constitutionally required to be charged in movant's indictment in order to comply with the fair notice component of the Due Process Clause of the Fifth and Sixth Amendments. Movant was never indicted for these four factors in aggravation notwithstanding the Government obtained the one count indictment against him on January 30th, 2003, exactly eight days after he and his co-defendant were arrested and taken into custody. See R.E. 10. The Government had every available opportunity to supersede movant's indictment as well. These four aggravating factors increased movant's base offense level 26 levels beyond the 8-level base offense level dictated by movant's indictment. The movant never stipulated to a greater deprivation of liberty under a written plea agreement nor was he ever given notice. The error in this case could be found debatable by jurists of reason to be structural per se, which would require reversal of the conviction. Not only was the movant deprived the fair notice component of the Due Process Clause, but the manner in which the exceptional sentence was imposed by the district court deprived movant his procedural due process rights. There was no jury to find him guilty or

18

innocent of the extra-verdict enhancements.  Movant's counsels, each and every one of them failed to admonish the court that movant's indictment of conviction, i.e., section 1956 does not mandate the imposition of an exceptional sentence.  These four factors in aggravation were punitive in nature, i.e., caused a greater deprivation of liberty,' and any fact essential to punishment must be charged in an indictment which, in this case, they were not.  The court, by and thru the Government and probation officer, imposed a geater deprivation of liberty than charged in movant's indictment. Due to counsel's unreasonable errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

### E.    Ineffective Assistance Of Counsel At The September 8, 2003 Sentencing

**E1.** Movant repeats, restates, and realleges each and every allegation contained in all the paragraphs herein above as if fully set forth herein.

**E2.** Movant's counsels, each and every one of them, failed to inform the court that movant's guilty plea was unlawfully obtained by and thru coercion by the Government and to withdraw movant's plea of guilty as indicated by movant to Ms. Nellie L. King, Esq.   See R.E. 12, attached exhibit, June 12, 2003 letter; R.E. 12 at ¶¶ 69-84.   Movant's counsels' negligence resulted in an unconstitutional sentence on a guilty plea that was illegally obtained by the Government.   Had movant's counsels informed the court, the movant would have gone to trial and it could be debatable by jurists of reason of whether a properly composed jury would have found him guilty of the indictment, and/or received a much lower sentence.   The conviction in se, violates the Due Process Clause of the Fifth and Sixth Amendment because of the manner movant's guilty plea was obtained.   The movant was constructively denied due process of law.   Due to counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**E3.** Movant's counsels, each and every one of them, failed to raise objection and argument before the end of the sentencing procedure that the Court did must comport with the requirement of the Sentencing Reform Act of 1984, i.e., § 3553(a)(2) of Title 18 U.S.C.A.   The Court was required to indicate by and thru colloquy that it gave meaningful consideration to Section 3553(a) factors.   It did not.   When a sentencing court fails to comply with this requirement, the sentence is imposed in violation of law and is error.   Movant's trial court failed to rationally and meaningfully consider all the Section 3553(a) factors and for it to weigh those factors in arriving at a sentence of 151 months plus an added 3 years of punitive supervised release for a first time offender. cf. 28 U.S.C.A. § 994(j).   Such execution of a valid waiver by the movant is absent on the record.   See R.E. 4 at 62-63.   Had the district court reasonably discharged its statutory obligation, it would have also meaningfully considered and reasonably applied the Parsimony Provision (§3553(a)(2)).   As a result, the Court failed to provide

the Court with any reason to believe that movant's sentence is the least punishment sufficient but not greater than necessary to accomplish the objectives of the Sentencing Reform Act of 1984. See also 18 U.S.C. § 3553(a)(c). The performance of movant's attorneys, each and every one of them, was not reasonable for their failure to know the requirements of the Parsimony Provision. The Sentencing Reform Act of 1987 was enacted more than a decade before movant's sentencing. Therefore, the errors and omissions of movant's counsels', each and every one of them, resulted in an unlawful sentence and a much longer term of imprisonment or actual imprisonment, and the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause of the Fifth and Sixth Amendments, and the jury and trial guarantee of the Sixth Amendment.

E4. Movant's counsels, each and every one of them, failed to raise objection and argument by not informing the court to issue a statement of reasons for imposing movant's sentence. The Sentencing Reform Act of 1984 mandates that a court, at the time of sentencing, shall state in open court for the reasons for its imposition of the particular sentence, i.e., 18 U.S.C. § 3553(a)(c), notwithstanding when sections 3553(a)(c)(1) or 3553(a)(c)(2) are not applicable in this case and there is error per se, because the record reflects no compliance or regard for section 3553(a)(c). See R.E. 4 at page 62-64. The district court additionally imposed four uncharged criminal penalties, i.e., 18 U.S.C.S. Appx §§ 2B1.1(b)(1)(H); 2S1.1(b)(1), 2S1.1(b)(2)(C); and 3C1.1,comment (n.4f), all factors in aggravation to be served consecutively as opposed to be served concurrently for a first time criminal offender with no prior criminal history. Moreover, the court did not state it's consideration of 18 U.S.C. § 3553(a) as again required by section 3553(a)(c). The record is devoid of any consideration of section 3553(a). There is clear error and the sentencing procedure in movant's case was imposed in violation of law. Due to counsels' errors and omissions, each and every one of them, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

E5. Movant's counsels, each and every one of them, failed to raise objection and argument by not informing the court that it would violate movant's Due Process rights if it considered movant's Presentence Investigation Report ("PSR") as conclusory findings of law. It is axiomatic that courts are prohibited from delegating judicial functions to United States Probation Officers. The record is manifestly clear that the court accepted the movant's PSR, "as findings of fact and conclusions of law." See R.E. 12 at ¶ 145; R.E. 4 at 61, lines 11-13. There is clear error and sentencing procedure was in violation of the law. Had movant's counsels, each and every one of them, made the court aware of the error, the court may have been able to make it's own findings of law resulting in a much lower sentence than that dictated by the United States Probation Officer, Ms. Patrica Borah, of 151 months for a class 'C' felony which exceeded the purview of section 3581(b)(3). Penal laws are construed strictly because legislatures, not courts, define crimes and establish punishments. Due to counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

E6. Movant's counsels, each and every one of them, rendered unconstitutional ineffective assistance of counsel when they, each and every one of them, appeared unprepared with no evidence, i.e., documents, financial records, witnesses, affidavits, statements from former co-workers and former spouses, military records, declarations, etc. in support of their contentions that the movant was never engaged in the business of money laundering. Each and every one of movant's counsels appeared at sentencing unprepared and empty handed armed only with argument. See R.E. 12 at ¶¶ 133, 136, 137, 138, 140; R.E. 4 at 9, Lines 13-19; R.E. 4 at 10, Lines 24-25; R.E. 4 at 11, Lines 14-15, 18-20, 23-25; R.E. 4 at 12, Lines 20-25; R.E. 4 at 13, Lines 1-2.; R.E. 4 at 48, Lines 19-24. Movant's counsels appeared empty handed at sentencing. Had movant's retained counsels, each and every one of them, been prepared with evidence and witnesses, movant's sentence would have been different in terms of the length of prison term. Due to counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

-22-

E7. Movant's retained counsels, each and every one of them, rendered unconstitutional ineffective assistance of counsel when Ms. King withdrew movant's objection to money amounts that were found to be a factor in aggravation by the Government, probation officer, and Court under 18 U.S.C.S. Appx § 2B1.1(b)(1)(H). Money amounts in term of "proceeds", is an essential element in money laundering and is required to be charged in movant's indictment and proven to a jury beyond a reasonable doubt especially when it was used to deprive the movants' liberty interests in terms of added prison time. Money amounts are absent from movant's indictment. See R.E. 10. Needless to say, movant's indictment was obtained 8 days after his arrest on January 22, 2003 and it is debatable by jurists of reason, whether or not money amounts were ever presented to the grand jury. The Government had plenty of time to present money amounts to the grand jury. Moreover, the indictment provides no fair notice of the amount of money laundered in violation of the fair notice component of the due process clause of the Fifth and Sixth Amendments. The factor in aggravation, money amounts, added approximately 41 months to movant's term of imprisonment. At sentencing, even Judge Graham indicated that there was a problem. R.E. 4 at 8, Lines 9-12. At this point, movant's retained counsels should have withdrawn movant's guilty plea as interpreted by Judge Graham, but instead, Ms. King withdrew the objection to the uncharged money amounts under 18 U.S.C.S. Appx § 2B1.1(b)(1)(H) resulting in a violation of due process of law. Any neophyte attorney would have found it necessary to present this simple objection to Judge Graham: "1) The money amounts were never charged, 2) 18 U.S.C.S. Appx § 2B1.1(b)(1)(H) was never charged, and 3) it's consideration/imposition violates the fair notice component of the due process clause of the Fifth and Sixth Amendments and deny the defendant due process of law." Had Mr. O'Donnell clarified to the movant what Ms. King had done, movant would have personally addressed Judge Graham and objected himself to the money amounts. See R.E. 4 at 9, Lines 6-9. But the movant thought that the enhancement was withdrawn. R.E. 4 at 8, Lines 22-25, (Judge Graham indicated that, "...your attorney is withdrawing the enhancement that the proceeds in this case were generated from a specified unlawful activity; to wit, narcotics trafficking."). Due to retained counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

-23-

**E8.** Movant's retained counsels, each and every one of them, rendered unconstitutional ineffective assistance of counsel when each and every one of them, failed to raise argument and objection that movant's indictment made no reference to, "drug trafficking", "importation and distribution of cocaine", "narcotics trafficker", etc. See R.E. 4 at 6, Line 20; R.E. 4 at 7, Line(s) 5, 12, 20-21; R.E. 4 at 8, Line(s) 15, 19,25; R.E. 4 at 9, Line(s) 3, 21; R.E. 4 at 40, Line(s) 11-13, 14-21; R.E. 4 at 41, Line(s) 3, 6; R.E. 4 at 45, Line(s) 5-6. Notwithstanding no constitutional objections were made to the prosecution, the Court, and to the probation officer making references to "drug trafficking", etc., which is not even an element or specified unlawful activity under section 1956. See R.E. 7 at page(s) 406-408 (§1956(c)(7)). Movant's indictment is devoid of any reference to "drug trafficking", "narcotics trafficking", "narcotics trafficker", "distribution of a controlled substance", etc. that indicates any activity in the promotion of "drug trafficking", etc. See R.E. 10. And any references to "drug trafficking", "narcotics trafficking", etc., violates the fair notice component of the Due Process Clause of the Fifth and Sixth Amendments. Movant's retained counsels' failure to withdraw movant's guilty plea at this point was clearly and undoubtedly beyond the realm of "reasonableness" due to the fact the sentencing transcripts evince in passim that they were completely unprepared to appear at sentencing (R.E. 4 passim) and jurists of reason would find it debatable that they were in violation of the Florida Bar Rules 4-1.1 COMPETENCE. R.E. 6 at 52-54. Movant's retained counsels' sub-standard/unreasonable performance constructively denied movant due process of law. Due to retained counsels' errors and omissions, the movant was constructively denied his rights to Due Process under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

**E9.** Movant's retained counsels, each and every one of them, rendered unconstitutional ineffective assistance of counsel when each and every one of them, committed error by failing to raise argument and objection that the imposition of supervised release violated movant's due process rights to fair Notice and that there were no specific findings made by the Government, U.S. Probation Officer, or the Court that the movant would require supervision after his term of incarceration. See R.E. 5 at 6-7; also R.E. 20. Supervised Release is not mandated to be imposed by 18 U.S.C. § 1956.

-24-

Moreover, the language of 18 U.S.C. § 3583 specifies that a court may order a term of supervision following a term of imprisonment contradicting the language under 18 U.S.C.S. Appx § 5D1.1 which mandates supervision creating ambiguity between the two statutes. Courts have held that Supervised Release is punitive and is punishment and deprives a person of liberty, therefore, a criminal defendant is required to have Notice to comport with the Due Process Clause of the Fifth and Sixth Amendments. Section 3583 created as part of the Sentencing Reform Act of 1984 i.e., the Comprehensive Crime Control Act of 1984, governs supervised release which was never designed to replace parole. See R.E. 5 at 6-7; R.E. 20. A criminal defendant must have Notice before supervision is imposed, inter alia, an opportunity to defend before punitive punishment is meted by a tribunal according to the Hornbook principles of law. The manner and means of which supervision was imposed was a clear violation of due process of law as-applied to the movant. Due to retained counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the Notice component of the Due Process Clause.

E10. Movant's retained counsels, each and every one of them, rendered unconstitutional ineffective assistance of counsel when each and every one of them, committed error by failing to raise argument and objection for the court to waive the fine. Albeit raised in movant's sentencing memorandum, movant's retained counsels never asked Judge Graham for a fine waiver even after all of movant's funds were already to be depleted. See R.E. 4 at 64-65. The law allows for a court to waive the fine provided a criminal defendant cannot afford to pay the fine. The movant is indigent and has no assets. Due to retained counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the Notice component of the Due Process Clause.

E11. Movant's retained counsels, each and every one of them, rendered unconstitutional ineffective assistance of counsel when each and every one of them, committed error by failing to raise argument and objection to the extra-verdict enhancements, as-applied to the movant, were unconstitutional. None of the enhancements were charged in movant's indictment and found guilty by a jury beyond a reasonable doubt. Indeed, the Court was mandated by the Sentencing Reform Act of 1984 to apply extra-verdict

-25-

enhancements in a unlawful manner in violation of due process of law. Everything essential to punishment that creates a greater deprivation of liberty must be charged in the indictment to comport with the Notice component of the Due Process Clause of the Fifth and Sixth Amendments. The movant was denied due process of law because he was deprived the constitutional right to Notice of all the facts and/or elements that increased the deprivation of liberty. Due to retained counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

E12. Movant's retained counsels, each and every one of them, rendered unconstitutional ineffective assistance of counsel when, each and every one of them, committed error by failing to raise argument and objection to the Government, U.S. Probation Officer, and the court's unconstitutional constructive amendment of movant's indictment which deprived movant Notice and violated the fair notice component of the Due Process Clause. Movant was indicted on a single count conspiracy to violate 18 U.S.C. § 1956(h). To support a conspiracy conviction, the government was required to prove (1) an agreement between the defendant and one or more persons, (2) the object of which is to do either an unlawful act or a lawful act by unlawful means. Nothing else. Notwithstanding movant's retained counsels' failure to object and prevent the all the parties from adding unindicted charges, i.e., 18 U.S.C.S. Appx §§ 2B1.1(b)(1)(H), 2S1.1(b)(1), 2S1.1(b)(2)(C), 3C1.1, comment (n.4f), which caused a greater deprivation of liberty than charged, movant was constructively denied due process of law to Notice. The defense was blindsided by all the four enhancements which were not part of the indictment or were ever passed upon by the grand jury. Had movant's retained counsels informed the Government, the probation officer, and the court of this constitutional violation, the court may not have imposed the unconstitutional extra-verdict enhancements lessening movant's deprivation of liberty. Due to retained counsels' errors and omissions, the movant was denied his rights to due process of law under the Fifth Amendment, inter alia, Sixth Amendment right to the effective assistance of counsel, and the fair notice component of the Due Process Clause.

### F.   Ineffective Assistance Of Counsel On Direct Appeal

-26-

F1.   Movant repeats, restates, and realleges each and every allegation contained in the paragraphs herein above as if fully set forth herein.

F2.   On direct appeal, none of movant's retained counsels ever raised the constitutionality in applying four aggravating factors at sentencing to increase movant's punishment and subject him to a' greater deprivation of liberty than allowed by law, inter alia, movant was deprived Notice.

Counsels mounted no challenge to the manner and means whereby a judge sitting alone, found extra-verdict enhancements that were applied to add 12 years to movant's sentence.   There was an outright failure by each of movant's retained counsels to assert movant's constitutional guarantee to **Notice** of the accusations against him which would, as-applied, be used as found by a judge, to increase, add to, and enhance movant's punishment by 144 months exceeding the purview of 18 U.S.C. § 3581(b)(3).

These errors and omissions by counsels denied movant effective assistance in protecting his due process rights under the Fifth Amendment and his right to the notice guarantee of the Sixth Amendment.

**(b) Direct Appeal of Ground Two:**

(1) The movant appeal did not raise these issues because of retained counsels' unconstitutional errors and ommissions.

(2) Due to retained counsels' ineffective assistance, i.e., errors and omissions, these issues were not preserved at the district court nor raised on direct appeal.

**(c) Post-Conviction Proceedings:**

This is Movant's first motion under section 2255.

**Ground Three:** The judgment was rendered without jurisdiction. The indictment returned by the grand jury did not state the essential facts and/or elements required by Title 18 U.S.C. §1956(c)(4) to invoke federal jurisdiction that a transaction which in any way or degree affects interstate or foreign commerce:

(a) **Supporting facts:** An examination of Movant's indictment. R.E. 10. The indictment is completely devoid of any financial transaction:

> (i) involving the movement of funds by wire or other means; or
>
> (ii) involving one or more monetary instruments, or
>
> (iii) involving the transfer of title to any real property, vehicle, vessel, or aircraft, or
>
> (B) a transaction involving the use of a financial institution which is engaged in, or the activities of which affect, interstate or foreign commerce in any way or degree;

The indictment contains no essential facts and/or elements itemized above [§1956(c)(4)] invoking federal jurisdiction.

(b) **Direct Appeal of Ground Three:**

(1)  The movant appeal did not raise this issue because of counsels' ineffective assistance.

(2) Due to retained counsels' ineffective assistance, *i.e.*, errors and omissions, these issues were not properly preserved at the district court nor raised on direct appeal.

(c) **Post-Conviction Proceedings:**

This is Movant's first motion pursuant to 28 U.S.C. § 2255.

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue: _____

_____

_____

_____

_____

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them: _____

_____

_____

_____

_____

_____

_____

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?        Yes ☐   No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised. _____

_____

_____

_____

_____

_____

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: _Daniel Watts, Esq. (Federal Public Defender)_____

_____

(b) At arraignment and plea: _Nellie L. King, Esq. (arraignment)_____
_Nellie L. King, Esq. & Julie Prag-Vianale, Esq. (Plea Colloquy)_____

(c) At trial: _____

_____

(d) At sentencing: _Nellie L. King, Esq.; Julie Prag-Vianale, Esq.; and John F. O'Donnell, Esq._____

(e) On appeal: Ms. King, Esq. & Ms. Prag-Vianale, Esq. (Direct Appeal)

Mr. Martin A. Feigenbaum, Esq. (On Remand from the U.S. Supreme Court).

(f) In any post-conviction proceeding: _____

_____

(g) On appeal from any ruling against you in a post-conviction proceeding: _____

_____

_____

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ☐ No ☒

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ☒ No ☐

(a) If so, give name and location of court that imposed the other sentence you will serve in the future: U.S. Dis't. Court For The Southern District of Florida _____

_____

(b) Give the date the other sentence was imposed: 8SEP2003 _____

(c) Give the length of the other sentence: 36 months (Supervised Release) _____

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?   Yes ☐   No ☒

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.* _____

Movant's case became final on July 31, 2006.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief: <u>Vacate and set the judgment</u> <u>aside and discharge the prisoner; or grant a new trial;</u>

<u>...</u>

or any other relief to which movant may be entitled. <u>See</u> 28 U.S.C. §2255, ¶2.

_____
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _November_ _6 2006_ (month, date, year).

Executed (signed) on _11/6/2006_ (date).

_____
Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion. _____

_____

_____

### IN FORMA PAUPERIS DECLARATION
#### Southern District of Florida

* * * * *

-32-