**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. PIERCE DIVISION**

**CLOSED**
**CIVIL**
**CASE**

Case No. 06-14325-CV-GRAHAM/WHITE

ROMAN CHRISTOPHER MESINA,

 Movant,

vs.

UNITED STATES OF AMERICA,

 Respondent.

_____/

<u>ORDER</u>

 **THIS CAUSE** came before the Court upon Movant's Motion to Vacate Sentence pursuant to Title 28 U.S.C. § 2255 [D.E. 1].

 **THE MATTER** was referred to the Honorable United States Magistrate Patrick A. White by Clerk's Order [D.E. 3]. The Magistrate issued a Report recommending that the Motion to Vacate be denied [D.E. 69]. The Movant has filed Objections to the Magistrate's Report [D.E. 74].

 **THE COURT** has conducted a <u>de novo</u> review of the file and is otherwise fully advised in the premises. For the following reasons, the Court finds the Movant's Motion to Vacate should be denied.

 **A) Ineffective Assistance of Counsel Claims**

 The Report issued by the Magistrate Judge in this matter consists of forty-two (42) pages of well-reasoned and greatly detailed analysis. In response to the Magistrate Judge's Report,

the Movant has filed sixty-six (66) pages of Objections, the bulk
of which consist of the Movant's claims related to ineffective
assistance of trial counsel and appellate counsel.  As to the
objections related to ineffective assistance of counsel claims, the
Court finds that the Magistrate Judge correctly concluded that the
Movant is unable to meet his burden under Strickland v. Washington,
466 U.S. 668 (1984) to prevail on these claims, for the reasons
stated in the Magistrate Judge's Report. See [D.E. 69].

Further, to the extent that the Movant asserts that the
Magistrate Judge failed to address the issue of whether the Movant
was denied his right to counsel in violation of the Sixth Amendment
at his initial appearance, the Court finds that the Movant's
constitutional right to counsel under the Sixth Amendment did not
attach at that stage, as it was not a "critical" proceeding. See
U.S. v. Mendoza-Cecelia, 963 F. 2d 1467 (11th Cir. 1992)(abrogation
on unrelated grounds recognized by Coleman v. Singletary, 30 F.3d
1420 (11th Cir.1994)).  Further, the Movant concedes that at his
initial proceeding he was advised of his Fifth Amendment right to
remain silent and his right against self-incrimination.  Finally,
on March 26, 2004, the Eleventh Circuit Court of Appeals rejected
the Movant's claim this Court improperly enhanced his sentence for
obstruction of justice based upon the Movant's materially false
statements made to the magistrate judge during that proceeding.
Accordingly, the Court finds the Movant's arguments on this ground

are without merit.

### B)   Supplemental Order by Magistrate Judge

The Movant further asserts that it was an abuse of judicial discretion for the Magistrate Judge to issue a Supplemental Order to Show Cause [D.E. 29] as it allowed the Government to have "a second bite at the apple." For support of his position, the Movant cites to Rule 5 of the Rules Governing Section § 2255 and Fed.R.Civ.P. 7(a) for the proposition that no further pleadings are allowed after the initial pleadings listed. However, Movant's argument is without merit for several reasons. First, Rule 5 of the Rules Governing Section § 2255 which addresses the answer and reply to a motion to vacate, provides that the respondent is not even required to answer the motion unless a judge so orders and further directs that the answer "...must address the allegations in the motion." See Rule 5(a) and (b) of the Rules Governing Section § 2255. Thus, the procedure under this rule is clearly distinct from Fed.R.Civ.P. 7 and provides discretion on the part of the judge regarding whether a filing is even necessary and further, directs what the filing must include. No such discretion is stated in Fed.R.Civ.P. 7, nor is there guidance as to the substance of any filing pursuant to Fed.R.Civ.P. 7.

Further, Rule 4 of the Rules Governing Section § 2255 specifically grants a judge the discretion to determine the type of filing that the U.S. Attorney must make after the judge's

3

preliminary review. <u>See</u> Rule 4(b) of the Rules Governing Section § 2255. In significant part, Rule 4(b) provides that if the motion is not dismissed, the judge must order the United States Attorney to file an answer...or to take other action the judge may order. Thus, again the judge may determine in his/her discretion what should be filed.

Finally, assuming, <u>arguendo</u> that Fed.R.Civ.P. 7 applies to the instant action at all, the initial action by the Movant is not a complaint but rather a motion to vacate and thus would not fall under Fed.R.Civ.P. 7(a), but rather under Fed.R.Civ.P. 7(b), which directs the filings of motions and other papers.

In the instant matter, the Magistrate Judge issued a Supplemental Order to Show Cause which directed the Government to file a meaningful response to the Movant's claims in order that the Court could address the merits of the claims. The Supplemental Order methodically recounted the claims of the Movant and extended great leniency to the <u>pro</u> <u>se</u> Movant's somewhat convoluted and confusing Motion. As such, the Magistrate Judge's Supplemental Order to Show Cause was not an abuse of discretion, nor a misapplication of the applicable rules.

### C) Coerced Confession

The Movant also generally asserts that his conviction should be vacated because, although the Movant entered a plea of guilt to the money laundering charge in the Indictment, he asserts that his

4

guilty plea was coerced by the "agents of the Government" who threatened to transfer him to Guantanamo Bay, Cuba.   Again, the Court finds that the Magistrate Judge correctly concluded, after a thorough review of the record including the transcript of the change of plea hearing, that the Movant knowingly and voluntarily entered a guilty plea to the charge of money laundering.  Moreover, it is clear from the plea hearing transcript that the Movant, then-Defendant, was informed that if the Defendant elected to proceed to trial, then the Government would have to prove that the Defendant knowingly reached an agreement with others to commit the offense of money laundering, and that the Defendant knew that the funds involved in the transaction at issue represented the proceeds of some unlawful activity, which in this case, was drug trafficking. Further, the hearing transcript reveals that the Government offered a factual basis for the charged offense and that the Movant agreed that the factual basis provided was accurate.   Thus, the Court finds that any arguments raised by the Defendant that he was actually innocent of the crimes of which he entered a guilty plea are wholly without merit.

Based upon the foregoing, the Court finds that the Magistrate Judge's Report in this matter correctly recommended that the Movant's Motion be denied without a hearing as the Movant failed to raise meritorious claims that were supported by the record. Accordingly, it is

**ORDERED AND ADJUDGED** that United States Magistrate Judge White's Report is hereby RATIFIED, AFFIRMED and APPROVED in its entirety [D.E. 69].  It is further

**ORDERED AND ADJUDGED** that Movant's Motion to Vacate Sentence pursuant to Title 28 U.S.C. § 2255 is **DENIED** [D.E. 1].  It is further

**ORDERED AND ADJUDGED** that this case is CLOSED and all pending Motions are DENIED as MOOT.

**DONE AND ORDERED** in Chambers at Miami, Florida, this ___ day of March 2008.

---

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc:  U.S. Magistrate Patrick A. White
     Roman C. Mesina, pro se
     Counsel of Record

6